UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 2:24-5482-JAK (JPRx) | Date | July 1, 2025 |
|---|---|---|---|
| Title | Zahedi, et al. v. Liberty Mutual Insurance, et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Daniel Torrez | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE PLAINTIFFS' MOTION TO REMAND AND FOR ATTORNEY'S FEES (DKT. 15)**

**I.      Introduction**

On May 14, 2024, Iman Zahedi and Azam Cheraghian (collectively, "Plaintiffs") brought this action against Liberty Mutual Insurance in the Los Angeles Superior Court (the "Complaint"). Dkt. 1 Ex. B. On May 27, 2024, Liberty Insurance Corporation ("Defendant" or "LIC") filed a Notice of Removal, stating that Plaintiff erroneously sued Defendant as "Liberty Mutual Insurance." Dkt. 1. Defendant removed the action on the basis of diversity jurisdiction. Dkt. 1.

The Complaint advances the following causes of action:

1. Declaratory relief under Cal. Code Civ. Proc. § 1060;
2. Breach of insurance contract;
3. Insurance bad faith;
4. Financial elder abuse;
5. Negligent infliction of emotional distress.

Dkt. 1 Ex. B ¶¶ 19–44.

On July 26, 2024, Plaintiff filed a Motion to Remand (the "Motion" (Dkt. 15)). On September 10, 2024, Defendant filed an opposition (the "Opposition" (Dkt. 19)) and a request for judicial notice (the "RJN" (Dkt. 19-2)). On September 16, 2024, Plaintiff filed a reply (the "Reply" (Dkt. 22)).

A hearing on the Motion was held on September 30, 2024, and the matter was taken under submission; provided, however, Defendant was ordered to proffer evidence to support its position that LIC is the insurer on Plaintiffs' policy and that LIC is a citizen of a state other than California (the "Minute Order" (Dkt. 29)). The Minute Order directed the parties to meet and confer and then file a joint report stating their collective and/or respective positions as to whether any discovery is required on the issue of the citizenship of LIC, and/or whether any further briefing on the motion to remand is warranted, and if so, on what schedule. *Id.*

On October 7, 2024, Defendant submitted a reply to the Minute Order (the "Minute Order Reply" (Dkt.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 2:24-5482-JAK (JPRx) | Date | July 1, 2025 |
|---|---|---|---|
| Title | Zahedi, et al. v. Liberty Mutual Insurance, et al. | | |

30)). On October 14, 2024, Defendant filed a report regarding the Motion (the "Defendant's Report" (Dkt. 32)). On October 16, 2024, Plaintiffs filed a report regarding the Motion (the "Plaintiffs' Report" (Dkt. 33)). On October 17, 2024, Defendant filed a reply to the Plaintiffs' Report (the "Defendant's Further Reply" (Dkt. 34)).

For the reasons stated in this Order, the Motion is **DENIED**.

**II.** **Background**

    A.    Parties

The Complaint alleges that Plaintiffs Iman Zahedi and Azam Cheraghian are both residents of Los Angeles, California. Dkt. 1 Ex. B ¶ 3.

The Complaint alleges that Liberty Mutual Insurance is a Massachusetts insurance company "licensed to do business in the State of California." *Id.* ¶ 4. The Notice of Removal states that LIC is an Illinois corporation with its principal place of business in Massachusetts. Dkt. 1 ¶ 7.

    B.    Allegations in the Complaint

The Complaint alleges that Iman Zahedi obtained a California homeowners insurance policy from Defendant. Dkt. 1 Ex. B ¶ 7. It alleges that the policy provided coverage for Plaintiffs' dwelling and personal property. *Id.* ¶ 8.

The Complaint alleges that Plaintiffs' residence was burglarized on December 22, 2022. *Id.* ¶ 9. It alleges that the residence was damaged, some personal property was damaged and some personal property was stolen. *Id.* The Complaint alleges that Iman Zahedi telephoned the Los Angeles Police Department, and an incident report was made. *Id.* It is alleged that, on January 17, 2023, Plaintiffs' attorney filed a notice of a claim for loss to Defendant. *Id.* ¶ 10.

The Complaint alleges that Defendant wrote to Iman Zahedi on January 28, 2023, denying Plaintiffs' claim. *Id.* ¶ 11. The Complaint alleges that Plaintiffs complied with all requirements and Defendant wrongfully denied coverage. *See id.* ¶ 12. The Complaint alleges that there were several other communications between Plaintiffs and Defendant, in which the parties disputed the amount of coverage available for Plaintiffs' claimed loss, if any. *Id.* ¶¶ 12–18. The Complaint alleges that, on April 12, 2024, Defendant calculated Plaintiffs' covered damages as $572.72. *Id.* ¶ 18.

    C.    Supplemental Briefing

        1.    Minute Order Reply

On October 7, 2024, Defendant filed the Minute Order Reply. Dkt. 30. The Minute Order Reply consists of the Declarations of Christopher Pratt ("Pratt") and Michael P. Garvey ("Garvey"). *See* Dkts. 30-1, 30-2. These declarations proffer evidence that "Liberty Insurance Corporation is the insurer and underwriter of the insurance policy at issue in this case, that Liberty Insurance Corporation is a citizen of Illinois and Massachusetts, that no other business entity is the insurer or underwriting entity under

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 2:24-5482-JAK (JPRx) | Date | July 1, 2025 |
|---|---|---|---|
| Title | Zahedi, et al. v. Liberty Mutual Insurance, et al. | | |

the insurance policy at issue, that the other business entities identified on the certificate of interested parties are not citizens of California, and that Liberty Mutual Insurance is not a business entity organized under the laws of any state." Dkt. 30 at 1–2.

Pratt is a Senior Examiner and Quality Assurance Specialist employed by Liberty Mutual Insurance Company ("LMIC"). Dkt. 30-1 ¶ 1. He is responsible for handling claims made under insurance policies issued by LIC. *Id.* Attached to his declaration is a "true and correct copy of [the LIC Policy] issued to Mona Zahedi and Iman Zahedi for the Policy period August 11, 2022 through August 11, 2023." *Id.* ¶ 2. Pratt declares that "LIC was the insurer and underwriting entity of the Policy" and "LIC's internal records would indicate if any other entity were an insurer or underwriter of the Policy." *Id.*

Garvey is an Assistant Secretary of LIC, LMIC, Liberty Mutual Group Inc. ("LMG"), Liberty Mutual Holding Company Inc. ("LMHC") and LMHC Massachusetts Holdings Inc. ("LMHCMHI"). Dkt. 30-2 ¶ 1. Garvey declares that "LIC is incorporated under the laws of the State of Illinois," "[i]t maintains its administrative and executive offices at 175 Berkeley Street, Boston, Massachusetts 02116 (the 'Boston Office')" and its "principal officers and the majority of LIC's directors direct, control, and coordinate LIC's activities" from the Boston Office. *Id.* ¶ 2. Garvey also declares that LMIC, LMG, LMHCMHI and LMHC are all entities incorporated under the laws of the State of Massachusetts, and that they maintain administrative and executive offices at the Boston Office. *Id.* ¶¶ 3–6. Garvey next declares that "LMIC owns 100% of the stock of LIC." *Id.* ¶ 7. Garvey also declares that "[a]ll of [the identified entities] observe corporate formalities and act as separate entities." *Id.* Garvey's declaration further states that " 'Liberty Mutual Insurance' is not a business entity incorporated or otherwise organized under the laws of any state." *Id.* ¶ 8. Instead, "Liberty Mutual Insurance" is a "trade name under which legal entities utilize various trademarks, including to market and underwrite insurance policies in the United States." *Id.*

      2.      <u>Defendant's Report</u>

On October 14, 2024, Defendant filed Defendant's Report. Dkt. 32. Defendant's Report states that Defendant's counsel attempted to confer with Plaintiffs' counsel regarding filing a joint report, however, Plaintiffs' counsel "never responded." *Id.* at 2.

Defendant's Report states that "Defendant's position is that no discovery is required on the citizenship of Liberty Insurance Corporation and no further briefing is necessary." *Id.* Defendant's Report states that admissible evidence established the following:

- "Liberty Mutual Insurance" is not a business entity that can be sued. Dkt. 30-2 ¶ 8.
- LIC is -- as reflected by records reviewed by an individual with personal knowledge -- the only insurer and underwriter of the insurance policy at issue in this case. Dkt. 30-1 ¶ 2.
- LIC is a citizen of Illinois and Massachusetts. Dkt. 30-2 ¶ 2.
- All the business entities with a financial interest in this litigation observe corporate formalities and act as separate entities. Dkt. 30-2 ¶ 7.
- No business entity with a financial interest in this litigation is a citizen of California. Dkt. 30-2 ¶ 6.

Dkt. 32 at 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 2:24-5482-JAK (JPRx) | Date | July 1, 2025 |
| Title | Zahedi, et al. v. Liberty Mutual Insurance, et al. | | |

Defendant's Report states "[t]hese are the only potentially-relevant facts relating to the citizenship of Defendant" and Defendant "does not believe discovery or further briefing is necessary." *Id.*

   3.  Plaintiffs' Report

On October 16, 2024, Plaintiffs filed Plaintiffs' Report. Dkt. 33. Plaintiffs' Report states that "Defendant's position that no discovery is required and no briefing is necessary is quite askance." *Id.* at 2. Three court filings are attached to Plaintiffs' Report, which purport to show that "Liberty Mutual Insurance is a business entity that can be sued in the State of California." *Id.* Plaintiffs' Report offers the following evidence in support of its contentions:

- *Sheikhzadeh v. Liberty Mutual Fire Insurance Company* is an Answer to [a] Complaint, signed by Mr. Boos himself, in which he makes a general appearance on behalf of Liberty Mutual Fire Ins. Co. in San Francisco Superior Court, State of California. Ex. A.
- *Liberty Ins. Corp. v. RPRW* is a Complaint stating that Liberty Insurance Corporation "was and now is a corporation duly organized and existing under and by virtue of the laws of the State of California, and authorized to do, and is doing, business as a multiple line insurance business in the State of California." Ex. B.
- *Liberty Mutual Fire Ins. Co v. Whitaker* is a Complaint stating that Liberty Mutual Fire Ins. Co. is a corporation doing business in the various states in the United States including the State of California, being qualified and certified to do business in the State of California. Ex. C.

*Id.*

Based on these filings, Plaintiffs' Report argues that Liberty Mutual Insurance can be sued in the State of California. *Id.* Plaintiffs' Report further states that "Liberty Insurance Corporation is also quite capable of litigating in the State of California and again doesn't hesitate to do so." *Id.* at 3. Plaintiffs' Report states that Defendant has failed "to establish the citizenship of an actual defendant" and "there is no diversity jurisdiction." *Id.*

   4.  Defendant's Further Reply

On October 17, 2024, Defendant responded to Plaintiffs' Report. Dkt. 34. Defendant's Further Reply states that "Plaintiffs' statement that they 'sued and served Liberty Mutual Insurance' is, as it always has been, a nullity" because "Liberty Mutual Insurance is not an entity which can be sued." *Id.* at 2. Defendant's Further Reply responds to Plaintiffs' proffered evidence:

- As to Exhibit A: "Liberty Mutual Fire Insurance Company is not the defendant here . . . Accordingly, allegations regarding Liberty Mutual Fire Insurance Company have no bearing on any issue related to removal or, more broadly, this litigation." *Id.* at 3.
- As to Exhibit B: "First, Plaintiffs did not properly request judicial notice of the document . . . Relatedly, Plaintiffs' attempt to establish the purported 'fact' of Defendant's citizenship through an unverified pleading is improper." *Id.* at 3.
- Exhibit C: "[This exhibit] again involves Liberty Mutual Fire Insurance Company, which . . . is neither the insurer under the policy at issue in this case nor 'Liberty Mutual Insurance.' " *Id.* at 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 2:24-5482-JAK (JPRx) | Date | July 1, 2025 |
|---|---|---|---|
| Title | Zahedi, et al. v. Liberty Mutual Insurance, et al. | | |

Defendant's Further Reply states that Plaintiffs' argument that Defendant "can be sued in the State of California" is "close to a non sequitur" as it "speaks to personal jurisdiction and *not* diversity." *Id.* at 5 (emphasis in original). Defendant's Further Reply states that "personal jurisdiction is not contested and has absolutely nothing to do with the Court's current diversity inquiry." *Id.* at 5. Defendant requests denial of the motion to remand "on the papers so that this matter can orderly proceed in this Court as is proper under 28 U.S.C. § 1332." *Id.* at 7.

      D.      Request for Judicial Notice

"The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

Under this standard, judicial notice is appropriate as to public records, government documents, judicial opinions, documents on file in federal or state courts, municipal ordinances, newspaper and magazine articles and the contents of websites. *See, e.g.*, *Makaeff v. Trump Univ.*, LLC, 715 F.3d 254, 259 n.2 (9th Cir. 2013); *Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012); *Tollis, Inc. v. City of San Diego*, 505 F.3d 935, 938 n.1 (9th Cir. 2007); *United States v. Chapel*, 41 F.3d 1338, 1342 (9th Cir. 1994); *Heidelberg, Inc. v. PM Lithographers, Inc.*, No. CV 17-02223-AB (AJWx), 2017 WL 7201872, at *2–3 (C.D. Cal. Oct. 19, 2017); *United States, ex rel. Modglin v. DJO Glob. Inc.*, 114 F. Supp. 3d 993, 1008 (C.D. Cal. 2015).

The document for which Defendant seeks judicial notice is an excerpt of Liberty's Annual Statement for the Year Ended December 31, 2023 (the "Annual Statement"). Dkt. 19-2 at 1. The RJN states that the Annual Statement is filed with the insurance commissioners, a government agency, and is publicly available information on the agency's website. *Id.* at 1–2. Because this document is a notarized public record, it is subject to judicial notice.

Accordingly, judicial notice is appropriate, and Defendant's request for judicial notice is **GRANTED**.

**III.**      <u>Analysis</u>

      A.      Legal Standards

A motion to remand is the procedural means to challenge the removal of an action. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). In general, a state civil action may be removed only if, at the time of removal, it is one over which there is federal jurisdiction. 28 U.S.C. § 1441(a).

Federal jurisdiction may be established through federal question jurisdiction or diversity jurisdiction. Federal question jurisdiction is present "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Diversity jurisdiction is present where the amount in controversy exceeds $75,000 and the adverse parties are citizens of different states. *See* 28 U.S.C. §§ 1332, 1441. Complete diversity of citizenship is required,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 2:24-5482-JAK (JPRx) | Date | July 1, 2025 |
|---|---|---|---|
| Title | Zahedi, et al. v. Liberty Mutual Insurance, et al. | | |

*i.e.*, "the citizenship of each plaintiff [must be] different from that of each defendant." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (citing 28 U.S.C. § 1332(a)).

For a removal based on diversity jurisdiction, the removing party has the burden of showing that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). If it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove that amount by a preponderance of the evidence. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (citing *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996)). The amount in controversy is determined at the time of removal, meaning that it "is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 415 (9th Cir. 2018).

As to citizenship, a person is a citizen of the state where he or she is domiciled. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1).

Because federal courts are courts of limited jurisdiction, the removal statute is to be strictly construed; any doubt about removal is to be resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). The removing party has the burden of establishing that it is proper to do so, including that there is federal jurisdiction. *Id.* "If a case is improperly removed, the federal court must remand the action because it has no subject-matter jurisdiction to decide the case." *ARCO Env't Remediation, L.L.C. v. Dep't of Health & Env't Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000).

    B.    Application

        1.    <u>Failure to Meet and Confer</u>

Defendant argues that Plaintiffs' counsel failed to meet and confer prior to filing the Motion, in violation of Local Rule 7-3. Dkt. 19 at 2. Plaintiffs' counsel contends that a telephone conference regarding diversity jurisdiction between counsel for both parties made it clear that any further discussion would "not have eliminated the need for the motion." Dkt. 22 at 3. Alternatively, should the Court find that Plaintiffs' counsel did not adequately meet and confer, Plaintiffs argue that the Court should exercise its discretion to consider the Motion. *Id.*

The purpose of a meet and confer process is to identify and narrow disputes. *Jimenez v. Allstate Ins. Co.*, No. LA CV10-08486, 2018 WL 11362268, at *6 (C.D. Cal. Nov. 28, 2018). Given the cost of litigating issues, parties have an incentive to seek to narrow, if not resolve entirely, their disputes as to discovery matters. *Id.* Local Rule 7-3, which requires a meet and confer process prior to the filing of a motion, does not require agreement; instead, it invites meaningful, good faith efforts to narrow disputes in order to conserve party and judicial resources. *Id.*

When a party fails to comply with Local Rule 7-3, it is within the discretion of the court to decline to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 2:24-5482-JAK (JPRx) | | Date | July 1, 2025 |
|---|---|---|---|---|
| Title | Zahedi, et al. v. Liberty Mutual Insurance, et al. | | | |

consider the motion. *Storms v. Paychex, Inc.*, No. LA CV21-01534 JAK (JEM), 2022 WL 2160414, at *7 (C.D. Cal. Jan. 14, 2022) (citing *Alcatel-Lucent USA, Inc. v. Dugdale Commc'ns, Inc.*, No. CV 09-2140 PSG (JCx), 2009 WL 3346784, at *4 (C.D. Cal. Oct. 13, 2009). However, failure to comply with the Local Rule does not per se require the denial of a motion, particularly where the non-moving party has suffered no apparent prejudice as a result of the failure to comply. *Storms*, 2022 WL 2160414, at *7 (citing *Brodie v. Bd. of Trs. of Cal. State Univ.*, No. CV 12-07690 DDP (AGRx), 2013 WL 4536242, at *1 (C.D. Cal. Aug. 27, 2013) (hearing merits of motion despite Rule 7-3 violation because the party "suffered no real prejudice").

It is unclear whether there was a meaningful, good faith effort by the parties to resolve the issues at hand prior to filing the Motion. Although the parties agree a telephone conference was held prior to filing, the parties dispute the nature of that conversation. Plaintiffs' counsel contends that it was to discuss Defendant's principal place of business before seeking remand based on lack of diversity (Dkt. 22-1 ¶ 3–4); Defendant's counsel states that it was to discuss the amount in controversy prior to a possible stipulation to remand (Dkt. 25 ¶ 3).

Although the Opposition states that the failure to meet and confer was "meaningful" because such a discussion could have corrected Plaintiffs' "incorrect understanding of Liberty's citizenship," the Opposition did not identify any real prejudice arising from the asserted failure to meet and confer. Dkt. 19 at 2. Further, it does not appear that additional discussions between the parties would have resolved the present dispute. A technical violation of the meet-and-confer rules may be excused where the meet and confer would not have led to a different outcome. *Del Toro v. 360 P'ship LP*, No. CV 21-1216-JAK (JPR), 2022 WL 126546, at *1 (C.D. Cal. Jan. 4, 2022).

In light of the foregoing discussion, the Motion is considered on the merits.

    2.    <u>Diversity Jurisdiction</u>

It is undisputed that the amount in controversy exceeds $75,000. Dkt. 19 at 3. Plaintiffs argue that there is no jurisdiction, and that this action should be remanded, because the parties are not diverse in citizenship. Dkt. 15 at 7. Plaintiffs also argue that the forum defendant rule prohibits removal because Liberty Mutual Insurance is a citizen of California. *Id.*

"Section 1446(a) requires only that the grounds for removal be stated in 'a short and plain statement'— terms borrowed from the pleading requirement set forth in Federal Rule of Civil Procedure 8(a)." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014). "[A]t the pleading stage, allegations of jurisdictional fact need not be proven unless challenged." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614 (9th Cir. 2016); *see also Dart Cherokee*, 574 U.S. at 87 ("[T]he defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."). Upon a factual attack, however, the party who bears the burden of establishing jurisdiction has "an affirmative obligation to support jurisdictional allegations with proof." *NewGen, LLC*, 840 F.3d at 614 (citing *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014)). Where the jurisdiction turns on disputed factual issues, "the district court may resolve those factual disputes itself." *Leite*, 749 F.3d at 1121–1122 (citing *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039–40 (9th Cir. 2004); *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 2:24-5482-JAK (JPRx) | Date | July 1, 2025 |
|---|---|---|---|
| Title | Zahedi, et al. v. Liberty Mutual Insurance, et al. | | |

Defendant adequately alleged grounds for removal in the Notice of Removal. Dkt. 1 at 3. In the Motion, Plaintiffs make a factual attack against the basis for removal by stating that Defendant's principal place of business is California -- not Massachusetts. Dkt. 15 at 7. In response to this factual assertion, Defendant has submitted the declaration of Garvey, an Assistant Secretary of LIC. Dkt. 19-1. Garvey declares under penalty of perjury that LIC is incorporated under the laws of the State of Illinois and maintains its administrative and executive offices at the Boston Office. *Id.* at 1. Garvey further declares that the President and Chief Executive Officer, majority of Vice Presidents, Treasurer, Chief Financial Officer and Chief Legal Officer and Secretary are all located in Liberty's Boston Office. *Id.* at 2. Further, LIC's books and records are maintained in the Boston Office. *Id.* Additionally, Defendant submits LIC's Annual Statement for the Year Ended December 31, 2023, which has been judicially noticed. Dkt. 19-2 Ex. 1. The Annual Notice lists the Boston Office as LIC's Main Administrative Office and the Primary Location of Books and Records. *Id.* at 4.

In Reply, Plaintiffs argue that Defendant has improperly asserted that Plaintiffs sued "Liberty Mutual Insurance" rather than LIC "by mistake". Dkt. 22 at 4. Plaintiffs further contend that "the citizenship of Liberty Mutual Insurance, along with its subsidiaries in California, is quite convoluted." *Id.* The Reply argues that Defendant still has not explained the citizenship of the "actual Defendant" -- "Liberty Mutual Insurance." *Id.*

Defendant provided further evidence supporting removal in the supplemental briefing. The Minute Order Reply includes a sworn declaration by Pratt and an additional sworn declaration by Garvey, two LIC officers with personal knowledge of the issues they address. *See* Dkt. 30. Pratt declares that "LIC was the insurer and underwriting entity of the Policy" and "LIC's internal records would indicate if any other entity were an insurer or underwriter of the Policy." Dkt. 30-1 ¶ 2. Garvey declares that "LIC is incorporated under the laws of the State of Illinois," "[i]t maintains its administrative and executive offices at 175 Berkeley Street, Boston, Massachusetts 02116 (the 'Boston Office')" and its "principal officers and the majority of LIC's directors direct, control, and coordinate LIC's activities" from the Boston Office. Dkt. 30-2 ¶ 2. Garvey also declares that " 'Liberty Mutual Insurance' is not a business entity incorporated or otherwise organized under the laws of any state." *Id.* ¶ 8. Instead, "Liberty Mutual Insurance" is a "trade name under which legal entities utilize various trademarks, including to market and underwrite insurance policies in the United States." *Id.*

In response, Plaintiff's Report proffers court filings in which "Liberty Mutual Fire Insurance Company" was a party, and an unverified complaint stating that LIC "was and now is a corporation duly organized and existing under and by virtue of the laws of the State of California." Dkt. 33 at 2 (citing Dkt. 33 Exs. A, B, C).

Defendant's Further Reply argues that "Plaintiffs' statement that they 'sued and served Liberty Mutual Insurance' is, as it always has been, a nullity" because "Liberty Mutual Insurance is not an entity which can be sued." Dkt. 34 at 2. Defendant's Further Reply also argues that that Plaintiffs' argument that Defendant "can be sued in the State of California" is "close to a non sequitur" as it "speaks to personal jurisdiction and *not* diversity." *Id.* at 5 (emphasis in original). Accordingly, Defendant requests denial of the Motion. *Id.* at 7.

Plaintiff's arguments are unpersuasive. Defendant has submitted sufficient evidence to establish that LIC is incorporated in Illinois and has its principal place of business in Massachusetts. Garvey's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 2:24-5482-JAK (JPRx) | Date | July 1, 2025 |
|---|---|---|---|
| Title | Zahedi, et al. v. Liberty Mutual Insurance, et al. | | |

declarations and the Annual Report prove that LIC's nerve center is located in the Boston Office. Pratt's declaration and the attached copy of the LIC policy establish that Plaintiffs were insured under a policy issued and underwritten by LIC -- not "Liberty Mutual Insurance." Further, there is ample evidence that "Liberty Mutual Insurance" is a trade name used for marketing purposes, rather than an insurance underwriter.

Because Defendant has shown by a preponderance of the evidence that LIC is the proper defendant, and LIC is incorporated in Illinois and has its principal place of business in Massachusetts, there is complete diversity between Plaintiff and Defendant. Thus, diversity jurisdiction is proper.

       3.      <u>Request for Attorney's Fees and Costs</u>

"[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). Plaintiffs argue that Defendant had no objectively reasonable basis for removal. Dkt. 15 at 7. Defendants respond that Plaintiffs' request for fees should be denied for four reasons: (1) the Motion to Remand should be denied; (2) Plaintiffs failed to meet and confer prior to filing their motion; (3) Defendant had a reasonable basis for seeking removal; and (4) Plaintiffs' counsel submitted no declaration regarding attorneys' fees purportedly incurred. Dkt. 19 at 4–5.

Defendant's arguments are persuasive. Defendant had a reasonable basis for seeking removal under diversity jurisdiction. Therefore, Plaintiffs' request for attorneys' fees and costs is **DENIED**.

**IV.**    <u>Conclusion</u>

For the reasons stated in this Order, the Motion is **DENIED.**

**IT IS SO ORDERED.**

                                                                                             :

Initials of Preparer    DT